**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


**JEFFERY SANDERS,**

      **Plaintiff,**

                                       **Case No. 07-CV-14206-DT**

**v.**

                                       **HONORABLE DENISE PAGE HOOD**

**DETROIT POLICE DEPARTMENT,**
**CHRISTOPHE GRIEFIN, MARILYN**
**ATKINS and CRAIG S. STRONG,**

      **Defendants.**

_____/

**ORDER RE: APPLICATION TO PROCEED IN FORMA PAUPERIS**
**AND**
**ORDER OF PARTIAL SUMMARY DISMISSAL**

Plaintiff Jeffery Sanders filed an application to proceed *in forma pauperis* dated October 3, 2007. Plaintiff does not have sufficient assets to pay the filing fee. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the claims against Marilyn Atkins and Craig S. Strong based on absolute immunity.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on the defendants if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma*

*pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's 42 U.S.C. § 1983 claims against Defendants Marylin E. Atkins and Craig S. Strong are based on their rulings in their official capacity as judicial officers. It is well settled that judicial officers are absolutely immune from claims for damages under Section 1983. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Defendants Atkins and Strong are dismissed from this action.

Accordingly,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* is GRANTED.

IT IS FURTHER ORDERED that DEFENDANTS MARYLIN E. ATKINS and CRAIG S. STRONG ARE DISMISSED and the claims against them are DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that the Clerk is directed to file the Complaint against the remaining Defendants.

IT IS FURTHER ORDERED that the Clerk issue summons and the United States marshal serve a copy of the complaint, summons and this Order upon the remaining Defendants Detroit Police Department and Christophe Griffin as directed by the Plaintiff. All costs of service shall be advanced by the United States.


s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: November 27, 2007


I hereby certify that a copy of the foregoing document was served upon Jeffrey Sanders, 16603 Hubbell, Detroit, MI 48235 on November 27, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager