UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY SANDERS,

     Plaintiff,

                                       Case No.  07-14206

v.

                                       HONORABLE DENISE PAGE HOOD

DETROIT POLICE DEPT and
CHRISTOPHE GRIFFIN

     Defendants.

_____/

## ORDER GRANTING IN-PART PLAINTIFF'S NOTICE OF JOINDER MOTION

This matter is before the Court on Plaintiff's Notice of Joinder Motion for Settlement **[Docket No. 57, filed April 20, 2009]**.  On May 7, 2009, Defendants filed a Response **[Docket No. 61]**, to which the Plaintiff filed a Reply **[Docket No. 62, filed May 8, 2009]**.  A motion hearing was held on May 20, 2009.

A liberal construction of the instant Motion demonstrates that Plaintiff is requesting the following: (1) that the City of Detroit be added as a party in place of the Detroit Police Department, pursuant to Rule 19 of the Federal Rules of Civil Procedure; and (2) judgment be rendered in favor of the Plaintiff against the City of Detroit in the amount of $7,960,000.00 pursuant to Eastern District of Michigan Local Rule 58.1(b).  Further, Plaintiff has attached a proposed form of the Judgment.  In response, Defendants do not object to the City of Detroit being added to the lawsuit in place of the Detroit Police Department.  However, Defendants oppose Plaintiff's entry of judgment as this Court has repeatedly held that genuine issues of material fact exist.

With the regard to Plaintiff's initial request, the Court GRANTS the sought substitution of the City of Detroit in place of the Detroit Police Department.  It well-settled that the Detroit Police Department is not amenable to a civil suit, as the Detroit Police Department is "merely a creature of the City of Detroit," which is the proper defendant.  *Pierzynowski v. Police Dep't City of Detroit*, 941 F. Supp. 633, 637n.4 (E.D. Mich. 1996); *Haverstick Enterprises, Inc. v. Financial Fed. Credit, Inc.*, 803 F. Supp. 1251, 1256 (E.D. Mich. 1992) ("[T]he police department is not the legal entity against whom a suit can be directed.").  Moreover, the parties appear to be in agreement with this proposed course of action.

As to Plaintiff's second request, the Court declines Plaintiff's invitation to enter judgment while material issues of fact remain.  On this point, the Court pauses to chronologically recount Plaintiff's multiple iterations of the identical arguments presented in the instant motion.  On January 16, 2008, not even a month after filing the Complaint, Plaintiff moved for Summary Judgment **[Docket No. 8]**, wherein in he urged this Court, without the benefit of discovery, to enter judgment as a matter of law against the Defendants.  Before the Court could even enter an order on the pending motion, Plaintiff filed a Notice of Appeal **[Docket No. 14, filed May 6, 2008]**, based on this Court's docketing the matter as being "taken under advisement" after the hearing.[1]  On May 28, 2008, Plaintiff filed a document entitled "Notice of (Proposed) Order Granting Summary Judgment," in which he again asserts that he has "unequivocally" established that the City of Detroit, and officer Christopher Griffin have violated his rights under the Fourth Amendment by detaining him without a "prompt judicial hearing and determination of probable cause."**[Docket No. 16]**.  On June 9, 2008, in a document

---

[1]  The Sixth Circuit Court of Appeals dismissed this Appeal on June 12, 2008.

2

entitled "Notice of Settlement of Order Granting Plaintiff Summary Judgment," he attempts to mandate a settlement on the basis of identical arguments previously set forth in his above filings. **[Docket No. 20]**.  On August 1, 2008, Plaintiff filed another proposed Order and Judgment **[Docket No. 24]**, making claims that were indistinguishable from those already presented.  On August 14, 2008, Plaintiff filed his second notice of settlement **[Docket No. 26]**, in which he again claims "the facts and evidence presented herein disclose and dic[t]ate a finding and legal conclusion" in his favor.

The Court initially responded to Plaintiff's contention in its August 15, 2008 Order denying Plaintiff's Motion for Summary Judgment. **[Docket No. 25]**.  The August 15, 2008 Order squarely addressed Plaintiff's argument by holding that there remain material questions of fact as to whether Defendants violated Plaintiff's Fourth Amendment rights.  In particular, the Court noted, based upon the record before it, there are still questions regarding the details of Plaintiff's incarceration by the Detroit Police Department and Wayne County Sheriff's Department.  The Court further indicated that the subject proceedings before the judicial officer are not undisputed.  In sum, the Court was unable to hold as a matter of law, that Defendants violated Plaintiff's Fourth Amendment rights.

On August 22, 2008, Plaintiff filed a Motion for Reconsideration **[Docket No. 27]**, wherein he urged the Court to reconsider its August 15, 2008 Order, particularly opposing this Court's ruling as to the material questions of fact.  Specifically, Plaintiff indicated that "Defendants herein cannot [a]nd do not genuinely dispute nor refute Plaintiff's lawful entitlement to judgment and [r]elief..."  Plaintiff subsequently filed both a Motion for Directed Verdict **[Docket No. 29]**, and Motion for Judgment on Pleadings **[Docket No. 30]**, where he

makes similar claims of entitlement, but under the guise of different procedural mechanisms. The Court dispensed with all of the above motions in its March 24, 2009 Order, in which it again reiterated its previous reasoning, particularly that none of Plaintiff's claims are ripe for judgment as a matter of law.

Persistently, Plaintiff filed a document entitled "Notice of Demand for Judgment," **[Docket No. 34, filed Dec. 16, 2008]** in which, he reasserts his entitlement to judgment in his favor based upon Defendant's "failure to contest and/or object" to his previous filings. Toward this same end, Plaintiff filed a document entitled "Notice for Settlement of Order Granting Judgment on the Pleadings," **[Docket No. 35, filed Jan. 5, 2009]**, wherein he requests the Court to take notice of his previously filed proposed judgments. Similarly, On January 12 and 20, 2009, Plaintiff filed yet another Notice to Enter Judgment **[Docket No. 38]**, and Renotice of Entry of Judgment **[Docket No. 39]**, respectively.

Undeterred by any of this Court's written orders and verbal explanations during the motion hearings, Plaintiff has filed the following motions which reiterate Plaintiff's sole point:

> Notice for Settlement Conference **[Docket No. 40, filed Jan. 26, 2009]**;
> Notice to Enter Default Judgment **[Docket No. 43, filed Feb. 9, 2009]**;
> Notice of Plaintiff's (Pre)Status Conference Presents **[Docket No. 44, filed Feb. 25, 2009]**;
> Notice of Judicial Oversight **[Docket No. 50, filed March 23, 2009]**;
> Notice to Settle Pursuant to Local Rule 58.1(b), (d) **[Docket No. 54, filed April 13, 2009]**.

All of the above enumerated filings demonstrate Plaintiff's intense desire to ultimately obtain a judgment in his favor. Yet based upon a liberal reading of his filings, and statements made in the motion hearings, it appears that Plaintiff misapprehends the appropriate process for obtaining his requested relief. Particularly, Plaintiff seems to be under the impression that

because Defendants have yet to file a responsive motion, that all of their defenses and claims have been "conceded." However, Plaintiff must understand that this Court's rulings must be, and are only, issued in accordance with the governing rules of law. As such, Plaintiff must first demonstrate – through the use of witness testimony, presentation of relevant evidence, and a perhaps a trial before this Court – that the constitutional violations that he alleges actually occurred. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Only then, will the Court be able to grant the relief that Plaintiff so earnestly seeks.

Now that the appropriate Defendant, City of Detroit, has been made a party to this action – and has indicated that it will "respond to the lawsuit and defend it on the merits." The Court presumes that Plaintiff's oft-repeated contentions will be resolved. In view of the foregoing, Plaintiff's second basis for relief is again **DENIED**.

Accordingly,

**IT IS ORDERED** that Plaintiff's Notice of Joinder Motion for Settlement (Joinder Motion) **[Docket No. 57, filed April 20, 2009]** is **GRANTED** to the extent that Defendant Detroit Police Department be substituted by the City of Detroit. However, it is **DENIED** in all other respects.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: June 25, 2009

I hereby certify that a copy of the foregoing document was served upon Jeffrey Sanders, 16599 Hubbell St., Detroit, MI 48235 and counsel of record on June 25, 2009, by electronic and/or ordinary mail.

S/William F. Lewis

5

Case Manager