UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY SANDERS,

      Plaintiff,                              Civil Action No. 07-14206

v.                                   District Judge Denise Page Hood
                                       Magistrate Judge Laurie J. Michelson

DETROIT POLICE DEPARTMENT, et al.

      Defendants.

_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS
FOR ENTRY OF JUDGMENT [118, 120]**

**I.     RECOMMENDATION**

Both prior to and after a recent remand by the Sixth Circuit, *Sanders v. Detroit Police Dep't*, 2012 U.S. App. LEXIS 16234 (6th Cir. Aug. 3, 2012), Plaintiff has repeatedly filed unilateral "notices" to settle and demands for judgments in his favor for millions of dollars. (Dkts. 26, 33, 38, 39, 43, 52, 54, 63, 84, 85, 87, 88, 90, 91, 96, 101, 104, 107.) During a telephone status conference with the parties on November 6, 2012, this Court explained to Plaintiff that, given the posture of the case, his proposed judgments are not warranted and that he should cease filing them. Two days later, Plaintiff filed another Notice to Settle Proposed Judgment. (Dkt. 114.) On November 9, 2012, this Court entered an Order striking the Notice as lacking legal basis. (Dkt. 115.) The Court further warned Plaintiff that "the filing of any additional notices or other efforts to settle premature and unwarranted judgments may result in the imposition of more severe sanctions, including monetary sanctions." (*Id*.) In willful disregard of this Order, Plaintiff has now filed two Motions for Judgment, again seeking millions of dollars in damages from the Defendants. (Dkts. 118, 120). The Court RECOMMENDS that Plaintiff's Motions be DENIED.

2:07-cv-14206-DPH-EAS   Doc # 121   Filed 01/08/13   Pg 2 of 6    Pg ID 581

## II.      REPORT

Nothing about the merits of this case or the liability of Defendants has changed since the

Court entered its November 9, 2012 Order.   In that Order, the Court explained:

> As summarized by the Sixth Circuit, "Plaintiff . . . Jeffrey Sanders
> was convicted of domestic violence.  He brought this Section 1983
> action alleging, among other things, that police made an unlawful
> warrantless entry into his home to arrest him, and he was not given
> prompt judicial determination of probable cause following his arrest.
> The district court dismissed these claims as barred by the doctrine of
> *Heck v. Humphrey*, 512 U.S. 477 (1994), because Sanders provided
> no indication his conviction had been invalidated."  *Sanders,* 2012
> U.S. App. LEXIS 16234, at *1.  The Sixth Circuit affirmed, on
> grounds other than *Heck*, the dismissal of Plaintiff's probable cause
> claim.  (*Id*. at *8)
>
> The Appellate Court, however, remanded the unlawful entry claim
> for further development of the record.   With respect to the
> applicability of *Heck*, the Court explained:
>
> > Sanders' first claim, that [defendant police officer]
> > unlawfully entered his home, does not necessarily call
> > into question the validity of his conviction. *New York
> > v. Harris*, 495 U.S. 14, 18 (1990).  Rather, in a
> > criminal case, the remedy for an unlawful entry would
> > be the suppression of evidence obtained as a result of
> > that entry.  *Id.* at 19.  Therefore, Sanders' unlawful
> > entry claim would not necessarily impugn the validity
> > of his conviction unless the evidence underlying the
> > conviction was the fruit of the unlawful action.  This
> > requires a "precise inquiry" by the district court,
> > which must match the claims being raised under
> > Section 1983 "to the specific offenses" of conviction.
> > *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010).
> >
> > Sanders was convicted under MICH. COMP. LAWS §
> > 750.81(2), which provides "an individual who
> > assaults . . . his or her spouse . . . is guilty of a
> > misdemeanor . . . ."  Because the record is incomplete
> > as to what evidence was introduced at Sanders'
> > criminal trial, we cannot determine whether anything
> > obtained as a result of the allegedly unlawful entry

> was essential to Sanders' subsequent conviction. A remand is therefore necessary for further factual developments as to *Heck's* applicability.

*Id*. at * 5-6.  While the Court declined to rely on alternate grounds to affirm the dismissal of the warrantless entry claim, it suggested such grounds might exist.  The Court stated:

> Searches of the home must be reasonable. *Illinois v. Rodriguez*, 497 U.S. 177, 185–86 (1990).  Generally, this requires a warrant prior to entering a home to make an arrest. *Payton*, 445 U.S. at 585–86.  But a warrant is not always required.
>
> The entry in this case was triggered by [Sanders' wife's] emergency phone call that Sanders had assaulted and threatened her.  Such a warrantless entry may be proper if it fits into what has come to be known as the "domestic abuse exception." *Georgia v. Randolph*, 547 U.S. 103, 126–27 (2006); *see also Thacker v. City of Columbus*, 328 F.3d 244, 254 (6th Cir. 2003) (exigent circumstances existed based on 911 call and facts observed by police when they came to the house).  On remand, in considering whether the police entry was constitutional, the district court should look to whether [Sanders' wife] validly consented to the entry, [Defendant] asked for such consent, or Sanders ever objected.

*Id*. at * 9.

Following remand, District Judge Denise Page Hood referred the case to this Court for further pretrial proceedings.  (Dkt. 109.)  On November 6, 2012, the Court conducted a telephonic scheduling conference with the parties and entered an amended scheduling order. (Dkt. 112.)  As mentioned, during the course of this litigation, Plaintiff has filed numerous "notices" to settle judgments in his favor for millions of dollars.  As Judge Hood explained in a previous Order denying one such notice:

> Plaintiff cites primarily a statute, 18 U.S.C. § 241, and two court rules, Fed. R. Civ. P. 61 and E.D. Mich. LR 58.1, as well as other rules.  However, Plaintiff's case was dismissed on August 28, 2009 for his failure to

3

> > state a claim upon which relief could be granted. There is no authority for this court to enter a monetary judgment against the Defendants in this case at this time.
>
> > (Dkt. 89.) *The same holds true following the Sixth Circuit's remand. There has been no ruling on Plaintiff's remaining unlawful entry claim that warrants an entry of judgment against the Defendants.* The Court specifically explained this to Plaintiff during the November 6, 2012 conference and indicated there was no basis for the Plaintiff to file any further notices. In blatant disregard of the Court's warning, Plaintiff filed, two days after the scheduling conference, another meritless Notice to Settle Proposed Judgment. (Dkt. 114.)

(Dkt. 115) (emphasis added).

Accordingly, the Court struck the Notice and warned Plaintiff that further like efforts could result in more severe sanctions. (*Id.*) Undeterred, Plaintiff has now filed two additional Motions for Judgment. (Dkt. 118, 120.) As Judge Hood and this Court have both ruled, whether styled a "Notice" or a "Motion," there is simply no authority or basis for the Court to enter a monetary judgment against the Defendants at this time. Following the Sixth Circuit remand, the Court entered a Scheduling Order with a February 15, 2013 discovery cut-off date, a March 15, 2013 dispositive motion cut-off date, and a trial date to be determined by Judge Hood. (Dkt. 112.) At the proper time, the court will determine whether Plaintiff is entitled to a Judgment.

Because the Plaintiff is proceeding *in forma pauperis*, the Court does not view monetary sanctions as an effective or viable deterrent. Accordingly, Plaintiff is hereby put on notice that if he continues to disregard court orders and abuse the judicial process, the Court may recommend dismissal of this case. As the Sixth Circuit has explained:

> > A district court has the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50,

111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003). The "imposition of inherent power sanctions requires a finding of bad faith," *First Bank of Marietta*, 307 F.3d at 517, or conduct "tantamount to bad faith." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) . . . . Nevertheless, a court must exercise caution in invoking its inherent power and comply with the mandates of due process. *Id*. at 50. A court's reliance upon its inherent authority to sanction derives from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings. *Id*. at 43. One specific judicial act within a court's inherent authority is to "fashion an appropriate sanction for conduct which abuses the judicial process," including dismissal of a lawsuit. *Id*. at 44-45.

*Dell, Inc. v. Elles*, No. 07-2082, 2008 U.S. App. LEXIS 27866, *5-6 (6th Cir. June 10, 2008).[1]

## III.    CONCLUSION

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's Motions for

Judgment (Dkts. 118, 120) be DENIED.

## IV.    FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation

within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*,

---

[1] Plaintiff has also been warned by the United States Supreme Court which entered the following Order in this case on November 26, 2012:

> The motion of petitioner for leave to proceed *in forma pauperis* is denied, and the petition for a writ of certiorari is dismissed. See Rule 39.8. As the petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1. See *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992) (*per curiam*).

(Dkt. 119.)

474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States*

*v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections,

but failing to raise others, will not preserve all the objections a party may have to this Report and

Recommendation.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal

quotation marks omitted); *Frontier*, 454 F.3d at 596-97.  Objections are to be filed through the Case

Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies,

through the Clerk's Office.  *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon

this magistrate judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2).  Once an

objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be

filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).


Date:   January 8, 2013                                    s/Laurie J. Michelson
                                                           Laurie J. Michelson
                                                           United States Magistrate Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 8, 2013.


                                    s/J. Johnson
                                    Deputy Clerk


6