UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY SANDERS,

    Plaintiff,                                        Civil Action No. 07-14206

v.                                                 District Judge Denise Page Hood
                                                     Magistrate Judge Laurie J. Michelson

DETROIT POLICE DEPARTMENT, et al.

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS FOR ENTRY OF JUDGMENT [124, 125] AND TO CONSIDER SANCTIONS**

On November 9, 2012, this Court entered an Order Striking Plaintiff's November 8, 2012 Notice to Settle Proposed Judgment. (Dkt. 115.) Subsequently, on January 8, 2013, this Court issued a Report and Recommendation to Deny Plaintiff's November 27, 2012 and December 19, 2012 Motions for Judgment. (Dkt. 121.) Undeterred, Plaintiff has filed two more Motions for Judgment on February 4, 2013 (Dkt. 124) and March 13, 2013 (Dkt. 125). Plaintiff has now filed over 20 such requests. (*See, e.g.,* Dkts. 26, 33, 38, 39, 43, 52, 54, 63, 84, 85, 87, 88, 90, 91, 96, 101, 104, 107, 118, 120, 124, 125.) For the reasons set forth in its prior Order and Report and Recommendation, this Court recommends that Plaintiff's newest Motions for Judgment be DENIED.

The Court further recommends that District Judge Denise Page Hood consider dismissing Plaintiff's Complaint with prejudice as a sanction for his flagrant violation of the Court's prior rulings. (Dkts. 89, 115, 121.) Judge Hood and this Court, both in written rulings and during a telephone status conference, have repeatedly explained to Plaintiff that, at this stage of the case, his proposed judgments are not warranted and he should cease filing them. This Court has also warned Plaintiff that sanctions may be imposed if he continued to abuse the judicial process. Indeed, in its

previous Report and Recommendation, the Court clearly explained:

> Plaintiff is hereby put on notice that if he continues to disregard court orders and abuse the judicial process, the Court may recommend dismissal of this case. As the Sixth Circuit has explained:
>
>> A district court has the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003). The "imposition of inherent power sanctions requires a finding of bad faith," *First Bank of Marietta*, 307 F.3d at 517, or conduct "tantamount to bad faith." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980) . . . . Nevertheless, a court must exercise caution in invoking its inherent power and comply with the mandates of due process. *Id*. at 50. A court's reliance upon its inherent authority to sanction derives from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings. *Id*. at 43. One specific judicial act within a court's inherent authority is to "fashion an appropriate sanction for conduct which abuses the judicial process," including dismissal of a lawsuit. *Id*. at 44-45.
>
> *Dell, Inc. v. Elles*, No. 07-2082, 2008 U.S. App. LEXIS 27866, *5-6 (6th Cir. June 10, 2008).

(Dkt. 121 at 4-5.) Plaintiff, however, continues to file these unilateral, meritless motions for judgment on a monthly basis. These filings waste the court's resources and reflect a complete disregard for the judicial process.

### III. CONCLUSION

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's Motions for Judgment (Dkts. 124, 125) be **DENIED** and that Judge Hood further consider dismissing the case

in its entirety as a sanction for Plaintiff's abuse of process.

## IV.  FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97.  Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon this magistrate judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2).  Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).

Date:  March 18, 2013                                      s/Laurie J. Michelson
                                                                                     Laurie J. Michelson
                                                                                     United States Magistrate Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 18, 2013.

                                                                                     s/J.Johnson
                                                                                     Deputy Clerk