**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEFFREY SANDERS,

                Plaintiff,

v.                                                    Case No. 07-cv-14206
                                                    Honorable Denise Page Hood

DETROIT POLICE DEPARTMENT, et al.,

                Defendants.

_____/

**ORDER ACCEPTING IN PART THE REPORT AND RECOMMENDATION,**
**DENYING PLAINTIFF'S MOTIONS FOR JUDGMENT, AND**
**SETTING FINAL PRETRIAL CONFERENCE**

       Now before the Court is Magistrate Judge Laurie J. Michelson's Report and Recommendation recommending that the Court deny Plaintiff Jeffrey Sanders Motions for Entry of Judgment [Docket Nos. 124, 125] and dismiss the Complaint with prejudice as a sanction. For the reasons stated below, the Report and Recommendation is ACCEPTED IN PART as consistent with this opinion.

       The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court may also receive additional evidence. *Id.* A party's failure to file any objections waives his or her right to further appeal. *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Necessarily, a party's failure to object to the magistrate judge's report and recommendation relieves the Court from its duty to review the matter independently. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Objections must be specific. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is" insufficient. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith*, 829 F.2d at 1373. Therefore, "A general objection to . . . the magistrate's report has the same effect[] as would a failure to object . . . [and] thereby mak[es] the initial reference to the magistrate useless. . . . This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard v. Secretary of HHS,* 932 F.2d 505, 509 (6th Cir. 1991) (citing *Arn*, 474 U.S. at 148).

The Magistrate Judge recommends that the motions for judgment be denied and that this action be dismissed with prejudice. Given that Plaintiff has not filed a discernable and specific objection, the Court will accept the Magistrate Judge's recommendation to deny the motions for judgment. The Court now turns to whether a sanction of dismissal is appropriate in this matter.

This Court has inherent authority to impose sanctions for "conduct before the court and . . . beyond the court's confines." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Such authority is derived from the Court's equitable power to control the litigants and ensure the integrity of court proceedings. *Dell, Inc. v. Elles,* 2008 U.S. App. LEXIS 27866, *6 (6th Cir. June 10, 2008) (unpublished)(citing *Chambers*, 501 U.S. at 43). The Court has the power "to fashion an appropriate

2

sanction for conduct which abuses the judicial process . . . [including] dismissal of a lawsuit." *Chambers*, 501 U.S. at 44–45. The "imposition of inherent power sanctions requires a finding of bad faith." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002). The Court must exercise restraint and discretion in the use of inherent authority to sanction. *Chambers*, 501 U.S. at 44. The Magistrate Judge has recommended dismissal of Plaintiff's complaint. Such a recommendation is not warranted.

However, despite several warnings by the Court, Plaintiff continues to file notices and motions for judgment. The Court has explained on numerous occasions that it cannot enter judgment at this stage in the proceedings because there is no judgment as to Plaintiff's remaining unlawful entry claim. The Court has admonished Plaintiff that continuing to file such motions and notices may result in sanctions. Plaintiff heeds none of the Court's warnings and has filed upwards of 20 requests for judgment. Plaintiff has shown no respect for the court proceedings and continues to file the same baseless motion for judgment despite clear warnings to cease. Plaintiff is now on notice that continued defiance of the Court's orders may result in the dismissal of this case. *See Dell, Inc.,* 2008 U.S. App. LEXIS 27866 at *6

Accordingly,

IT IS ORDERED that the Report and Recommendation [Docket No. 129, filed March 18, 2013] is ACCEPTED IN PART as this Court's findings of fact and conclusions of law as is consistent with this opinion and order.

IT IS FURTHER ORDERED that Plaintiff's Motions for Judgment [Docket Nos. 124 and 125] are DENIED.

IT IS FURTHER ORDERED that Plaintiff may not file any further motions for judgment

3

prior to the Final Pretrial Conference in this matter and thereafter only by leave of the Court.

IT IS FURTHER ORDERED that the parties appear for Final Pretrial Conference on Tuesday, May 28, 2013 at 4:00 p.m.

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 22, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 22, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

4