UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY SANDERS,

       Plaintiff,

                                          Case No. 07-14206

v.                                      Hon. Denise Page Hood

DETROIT POLICE DEPARTMENT and
CHRISTOPHER GRIFFIN,

       Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT (DOCKET NO. 127), PLAINTIFF'S MOTION
FOR JUDGMENT ON THE PLEADINGS (DOCKET NO. 128),
AND PLAINTIFF'S ABSTRACT MOTION FOR EMERGENCY
MANDAMUS (DOCKET NO. 227)**

**I.    INTRODUCTION AND BACKGROUND**

Defendants Detroit Police Department ("DPD") and Christopher Griffin ("Griffin") filed a Motion for Summary Judgment. **(Docket No. 127)**. Pro Per Plaintiff Jeffrey Sanders ("Sanders") filed a response. **(Docket No. 130)**. Sanders also filed a Motion for Judgment on the Pleadings **(Docket No. 128)** and an Abstract Emergency Motion for Writ of Mandamus **(Docket No. 227)**.

This action arises out of Sanders arrest and subsequent conviction for

domestic violence. On April 15, 2006, Griffin responded to the scene of a reported assault and battery. When Griffin arrived at the scene, he encountered Sanders' wife, Tiyani Sanders, standing outside of the residence and visibly injured. Mrs. Sanders explained that she and Sanders became involved in a verbal argument. She noted that Sanders had been acting differently lately and she believed Sanders was on drugs. During the argument, Sanders reportedly punched Mrs. Sanders splitting her lip. Mrs. Sanders told Griffin that after Sanders punched her, he retreated to the kitchen and emerged holding a knife. Sanders proceeded to threaten her by saying, "I'll kill you bitch." Mrs. Sanders fled the apartment with her young daughter.

After speaking with Mrs. Sanders, Griffin, along with fellow officers, proceeded up to the residence. Griffin knocked on the apartment door, and when Sanders opened the door, Griffin reportedly explained to Sanders that he was the subject of a domestic violence complaint. Sanders reportedly took one step backward from the officers. Griffin and fellow officers proceeded a few steps into the apartment and placed Sanders under arrest.

Following a jury trial, Sanders was later convicted of domestic violence. On October 30, 2007, Sanders filed a civil rights action alleging violations of 42 U.S.C. § 1983. Specifically, Sanders alleged (1) Defendant Griffin unlawfully entered Sanders home to arrest him in violation of the Fourth Amendment; (2)

Sanders was not provided a judicial determination of probable cause within 48 hours of his arrest; and (3) the City of Detroit had an unconstitutional policy regarding domestic violence arrests. On August 28, 2009, this Court *sua sponte* dismissed Sanders action finding that he failed to state a claim for which relief could be granted. **(Docket No. 74)**. Sanders appealed. The Sixth Circuit Court of Appeals affirmed this Court's dismissal of Sanders judicial determination and unconstitutional domestic violence claims; however, it vacated the Court's dismissal of Sanders' Fourth Amendment claim, remanding for further proceedings. **(Docket No. 100)**.

The sole issue before the Court is whether Defendants entry into Sanders' home violated the Fourth Amendment. Defendants filed a Motion for Summary Judgment **(Docket No. 127)** and Supplemental Brief **(Docket No. 202)**. They argue that Griffin's entry was constitutional pursuant to the exigent circumstances exception to the warrant requirement and M.C.L. 776.22. Sanders filed a response. Although Sanders' response is unclear, it appears Sanders believes a Fourth Amendment violation occurred and he asks for $7.96 million dollars in damages. **(Docket No. 130)**. Sanders filed a Motion for Judgment on the Pleadings **(Docket No. 128)** and an Abstract Emergency Motion for Writ of Mandamus **(Docket No. 227)**.

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

A Court should grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986). A fact is material if it could affect the outcome of the case based on the governing substantive law. *Id*. at 248. A dispute about a material fact is genuine if on review of the evidence, a reasonable jury could find in favor of the nonmoving party. *Id.*

The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must "go beyond the pleadings and … designate specific facts showing that there is a genuine issue for trial." *Id*. at 324. The Court may grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. See, *Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury

4

could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Conclusory allegations do not create a genuine issue of material fact which precludes summary judgment." *Johari v. Big Easy Restaurants, Inc.*, 78 F. App'x 546, 548 (6th Cir. 2003).

When reviewing a summary judgment motion, the Court must view the evidence and all inferences drawn from it in the light most favorable to the nonmoving party. *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986). The Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

    **B.**    **Discussion**

On remand, the Sixth Circuit noted that Griffin's entry was triggered by Mrs. Sanders' emergency call to police. It instructed this Court to examine whether Griffin's entry into Sanders' apartment was constitutional pursuant to the domestic violence exception identified in *Georgia v. Randolph*, 547 U.S. 103, 118 (2006). See, **(Doc. No. 100)**. The Sixth Circuit instructed the Court to inquire as to whether "[Mrs. Sanders] validly consented to the entry, Griffin asked for such consent, or

5

Sanders ever objected." **(Doc. No. 100 at 6)**.

In their motion for summary judgment, Defendants argue that Griffin's entry into Sanders' home was lawful under the domestic violence exception because Griffin had implied consent from Mrs. Sanders to enter the apartment. According to Defendants, exigent circumstances, specifically a risk of danger to police and others, also necessitated entry into the apartment. Defendants state that Griffin had probable cause to believe that Sanders committed a domestic violence offense, and pursuant to M.C.L. 776.22, Griffin had to enter into Sanders home to fulfill his duty of making an arrest.

The Fourth Amendment protects individuals against "unreasonable searches and seizures." U.S. Const. amend. IV. Generally, warrantless searches are *per se* unreasonable absent a valid exception. *Katz v. United States*, 389 U.S. 347, 357 (1967). The Sixth Circuit has evaluated warrantless entries in response to domestic violence incidents under the exigent circumstances exception. See, *Thacker v. City of Columbus*, 328 F.3d 244 (6th Cir. 2003). Exigent circumstances are situations in which real immediate and serious consequences will certainly occur if police officers postpone their actions in order to obtain a warrant. *Ewolski v. City of Brunswick*, 287 F.3d 492, 501 (6th Cir. 2002). Courts have found exigent circumstances where there is a "need to protect or preserve life or avoid serious

injury." *Mincey v. Arizona*, 437 U.S. 385, 392 (1978). The relevant inquiry is whether an objectively reasonable officer confronted with the same circumstances could reasonably believe that exigent circumstances existed. *Id*. citing *Dickerson v. McClellan*, 101 F.3d 1151, 1158 (6th Cir. 1996). The Sixth Circuit has identified a non-exhaustive list of exigent circumstances. *United States v. Rohrig*, 98 F.3d 1506, 1515 (6th Cir. 1996).This list includes circumstances which present a "risk of danger to the police or others." *Id*. Courts have examined the totality of the circumstances to conclude that exigent circumstances may justify a warrantless entry into a home. See, *Thacker,* 328 F.3d at 254. As it relates to co-tenants, the general rule is that one tenant's consent to law enforcement's warrantless entry does not override a physically present co-tenant's refusal of entry to law enforcement unless law enforcement is entering a dwelling to protect a resident from domestic violence. *Georgia v. Randolph*, 547 U.S. 103, 118 (2006).

  Defendants failed to carry their burden to show no genuine issue of material fact remains in this matter. Defendants argue that Sanders' wife gave implied consent pursuant to the domestic violence exception in *Georgia v. Randolph*. The Sixth Circuit has indicated that one may give implied consent for law enforcement officials to enter a home without a warrant. *United States v. Carter*, 378 F.3d 584, 589 (6th Cir. 2004). Although, the Sixth Circuit has not specifically identified the

ways in which implied consent can be communicated, it has noted that it may be informal and it does not need to be verbal. *Id*.

According to Griffin's affidavit, he asked Mrs. Sanders where Sanders was located so that he could be arrested. She responded to Griffin's inquiry that Sanders was in their apartment. Mrs. Sanders answer suggests that she was aware that Griffin needed to go inside the apartment to detain Sanders; this suggests she gave implied consent, but it remains unclear whether Mrs. Sanders understood Griffin's question as a request to enter the apartment, or understood that Griffin needed to enter the apartment to effectuate Sanders' arrest. Therefore, there is a question of fact as to whether Tiyani actually consented to Griffin's presence in her home. If Mrs. Sanders did not consent to Griffin's entry, the domestic violence exception would not apply. Since there remains a genuine issue of material fact, summary judgment must be denied.

Defendants seek to rely on M.C.L. 776.22, which provides that law enforcement agencies should create written policies for responding to domestic violence situations that recommend making an arrest if the police officer has probable cause to believe an individual committed a domestic assault. Defendants attached a copy of the Detroit Police Department's policy manual regarding domestic violence incidents. The manual echoes the policy initiatives of M.C.L.

776.22. **(Docket No. 202-2)**. The Sixth Circuit noted in *Denton v. Rievley*, 353 F. App'x 1, 7 (6th Cir. 2009) that a law enforcement officer's "[r]eliance on a statute does not make an official's conduct *per se* reasonable." *Id*. at 6. Accordingly, Griffin's purported reliance on Detroit Police Department Policy and M.C.L. 776.22 does not shield Defendants from complying with the Fourth Amendment. See, *Denton*, 353 F. App'x at 7 ("We, therefore, do not think an interpretation of [a state statute] to permit warrantless in-home arrests is objectively reasonable in light of long-standing Supreme Court precedent holding that such arrests violate the Fourth Amendment.").

Since the Court denies Defendants' summary judgment motion, the Court must also deny Sanders' Motion for Judgment on the Pleadings **(Docket No. 128)**.

### III. Plaintiff's Abstract Emergency Motion for Writ of Mandamus

Sanders filed an Abstract Emergency Motion for Writ of Mandamus (Docket No. 227). Similar to various other motions Sanders has filed, this motion is also meritless. The motion is denied.

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendants' Motion for Summary Judgment **(Docket No. 127)** is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment on the

Pleadings **(Docket No. 128)** is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Abstract Emergency Motion for Writ of Mandamus **(Docket No. 227)** is **DENIED**.

The parties are ordered to appear at the Final Pretrial Conference on February 8, 2016 at 2:30.

                                        s/Denise P. Hood
                                        Honorable Denise Page Hood
                                        United States District Judge

Dated: January 7, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 7, 2016, by electronic means and/or ordinary mail.

                                        s/K. Jackson
                                        For Case Manager LaShawn Saulsberry
                                        (313) 234-5014