UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY SANDERS,

              Plaintiff,              CASE NO. 07-14206
                                                      HON. DENISE PAGE HOOD
v.

DETROIT POLICE DEPARTMENT,
*et al.*,

              Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR 'EMERGENCY' RELIEF [#290] AND MOTION 'COMP(LETE)UTING' JUDGMENT AND RELIEF RETROSPECT [#291]**

Now before this Court is Plaintiff Jeffrey Sanders's *pro se* "Motion for 'Emergency' Relief from 04/21/2017 Judgment Order," filed on February 2, 2018, and "28 U.S.C. s2401(b) Motion 'Comp(lete)uting' Judgement and Relief Retrospect," filed on April 23, 2018. (Doc # 290; Doc # 291). These motions, are two of a series of such motions submitted by Plaintiff. Plaintiff appears to be seeking relief from this Court's Order entered on April 21, 2017 (Doc # 283), which denied two other motions submitted by Plaintiff (Doc # 280; Doc # 281). For the reasons set forth below, Plaintiff's "Motion for 'Emergency' Relief" and "Motion 'Comp(lete)uting Judgement and Relief Retrospect" are **DENIED**.

1

I. ANALYSIS

   A. Legal Framework

Sanders's motions can be interpreted as Motions to Alter or Amend a Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A district court has the discretion to grant a Rule 59(e) motion (1) to correct a clear error of law; (2) to account for newly discovered evidence or a change in relevant law; or (3) to otherwise prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

This Court may also interpret Plaintiff's Motions as an attempt to seek relief from a final judgment under Rule 60 of the Federal Rules of Civil Procedure. Such a motion must be made "within a reasonable time" and "no more than a year after the entry of the judgment." Fed. R. Civ. Pro. 60(c)(1). A district court has discretion to grant relief when necessary to cure injustice resulting from judicial error, newly discovered evidence, or fraud. *Id.* at (b).

   B. Timeliness

Sanders's Motions are untimely under Rule 59(e). Plaintiff's Motions are beyond the twenty-eight day period provided by Rule 59(e), as one of the Motions was filed almost ten months (Doc # 290), and the other a year (Doc # 291), after this

Court's Order denying the prior motions (Doc # 283). The Court finds that Plaintiff's present Motions are timely under Rule 60.

### C. Grounds for Reconsideration

Regardless of whether Plaintiff is seeking relief under Rule 59 or Rule 60, Plaintiff fails to demonstrate any grounds for relief under either rule. In addition, the present Motions are otherwise unclear, and, to the extent Plaintiff is attempting to argue for some other relief, it is within this Court's discretion to deny these Motions as indecipherable. *See Kloss v. RBS Citizens, N.A.*, 996 F. Supp. 2d 574, 588 (E.D. Mich. 2014).

## II. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff Jeffrey Sanders's "Motion for Emergency Judgment and Relief" (Doc # 290) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Jeffrey Sander's "28 U.S.C. s2401(b) Motion 'Comp(lete)uting' Judgement and Relief Retrospect" (Doc # 291) is **DENIED**.

Dated: July 11, 2018                                s/Denise Page Hood
                                                    Chief, U.S. District Court

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 11, 2018, by electronic and/or ordinary mail.

                         s/Julie Owens acting in the absence of LaShawn R. Saulsberry
                         Case Manager